UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10080-NMG |
| | ) | |
| DAVID SIDOO et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DOUGLAS HODGE'S RESPONSE TO MOTION TO UNSEAL DKTS. 400 AND 401

The government seeks to ex post facto justify its decision to ignore its meet and confer obligations concerning the process for unsealing its conflicts motion. As detailed below, the sequence of events demonstrates the government's self-interested conduct.

During the Initial Status Conference on Monday, June 3, 2019, Mr. Rosen asked the Court's permission to publicly file a redacted copy of the Government's Motion for Hearing Regarding Conflicts of Interest. June 3, 2019 Status Conference, ECF No. 396, at 18:5-6. Mr. Weinberg, speaking on behalf of the defendants, objected and asked the Court to delay the public filing of the government's motion until the defendants could file responses, reasoning that permitting the government to file its motion would create "an asymmetrical picture in the public media." *Id.* at 18:8-19:2. The Court agreed with Mr. Weinberg, and ordered:

> Okay. So here's what I'll do: Those of you who will have the *Foster* hearings, file your responses under seal. You don't need to file a motion for that. And I'll wait to have the Government file a redacted version of its original motion, which is 283, until the Defendants have filed their pleadings.
>
> Then I would — once the exchange is complete, I would like the parties to confer with each other, the Government with each Defendant and vice versa, about what redacted version should appear on the docket and agree to that. And please redact as little as possible. Just redact what is necessary because it does need to be public as far as it can be. Okay.

1

*Id.* at 19:3-14.  In response to a question from Mr. O'Connor, the Court explicitly clarified that the order covered the "U.S.C. situation, too." *Id.* at 19:15-24.

On Thursday, June 6, 2019, attorneys for the government and for defendant Robert Zangrillo scheduled Mr. Zangrillo's *Foster* hearing for Tuesday, June 11, 2019.  The Court, therefore, directed the Government and Mr. Zangrillo to file the government's redacted motion and Mr. Zangrillo's response in advance of Tuesday's hearing.  The Court, however, did not contradict its prior order that before filing its motion on the public docket, the Government must (i) meet and confer with the defendants and (ii) allow the defendants to file their responses simultaneously with the government's motion.

Counsel for Mr. Zangrillo, Mr. Weinberg, asked Mr. Rosen to consider redacting all information not related to Mr. Zangrillo, but Mr. Rosen opted not to take this step.  Instead, directly contrary to the Court's June 3, 2019 order, the government publicly filed its motion without meeting and conferring with counsel for any defendants (other than Mr. Zangrillo), providing defendants with any opportunity to request redactions, or providing defendants with the opportunity to file their responses simultaneously with the government's filing.  The government did not even provide defendants with an opportunity to proactively contact the government after receiving notice that Mr. Zangrillo's hearing had been scheduled, and the government immediately filed its motion five days in advance of the deadline.  The government's motion includes easily-redactable sections concerning USC that are unrelated to Mr. Zangrillo's *Foster* hearing.

Mr. Hodge will file his response by June 27, 2019 demonstrating why no conflicts exist.  Mr. Hodge objects to the government's motion insofar as it seeks to justify its decision to contravene an order of this Court by re-litigating an already-decided issue, but for the reasons

stated in Mr. Abdelaziz's Response, ECF No. 404, Mr. Hodge does not seek to enforce this Court's order, given that the government's unilateral action has rendered the order moot.[1]

Dated: June 11, 2019

Respectfully submitted,

DOUGLAS HODGE,

By his attorneys,

/s/ Brien T. O'Connor
Brien T. O'Connor (BBO# 546767)
*brien.o'connor@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Phone: (617) 951-7000

Joan McPhee (BBO# 547869)
*joan.mcphee@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000

Miranda Hooker (BBO# 661569)
*hookerm@pepperlaw.com*
PEPPER HAMILTON LLP
125 High Street
Boston, MA 02110
Phone: (617) 204-5129

---

[1] The government also attached as Exhibit 1 to its Motion only the beginning of the email thread between Mr. O'Connor and Mr. Rosen. The more complete thread is attached as Exhibit 1 hereto.

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 11, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                            /s/  Brien T. O'Connor
                                            Brien T. O'Connor