UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10080-NMG

UNITED STATES OF AMERICA

v.

DOUGLAS HODGE

**ORDER RE CONFLICT OF INTEREST**

October 21, 2019

KELLEY, U.S.M.J.

The government moved for a hearing under Federal Rule of Criminal Procedure 44(c). (#400.) Mr. Hodge is represented by the law firm of Ropes and Gray LLP ("Ropes"), which also represents a codefendant, Elizabeth Henriquez, and in addition, represents the University of Southern California ("USC"), whom the government alleges to be a victim in the case. Mr. Hodge is charged with defrauding USC by conspiring to use bribery to attempt to have two of his children admitted to USC.

Mr. Hodge filed a response to the government's motion, (#446-1, for an unredacted copy filed *ex parte, see* #453), and in addition, an affidavit by Mr. Hodge, stating that he had been informed of the limitations posed by Ropes' joint representation, and waived all claims based on any conflict, and an affidavit by Attorney Brien O'Connor of Ropes, stating that he had informed Mr. Hodge about the conflicts and their possible ramifications. (##454-455.) The government filed a reply. (#460.)

1

On July 22, 2019, the court held a hearing on the government's motion. (#487.) At the hearing, Attorney O'Connor explained why he believes the conflicts of interest with USC and codefendant Henriquez are not fatal to Ropes' representation of Mr. Hodge. (#514, transcript of hearing.) Notably, Mr. Hodge has retained counsel not affiliated with Ropes, Attorney Miranda Hooker of Pepper Hamilton LLP, who will represent Mr. Hodge in any part of the case having to do with USC. Id. at 4.

With regard to the joint representation of Mr. Hodge and Ms. Henriquez, the court notes that counsel for Ms. Henriquez filed a memorandum under seal, setting out the steps that Ropes had taken to prevent the joint representation from prejudicing either client. (#420.) These steps include the setting up of "intra- firm ethical walls" between the two teams and having Ms. Henriquez consent to the joint representation. Id. at 1-2. In addition, the government does not object to the joint representation of Ms. Henriquez and Mr. Hodge by Ropes. (#449 at 4.)

At the hearing on July 22, the court explained to Mr. Hodge that when codefendants are represented by the same counsel, conflicts may affect the quality of their representation. The court set out potential problems, for example, joint representation might preclude one defendant from engaging in plea bargaining or otherwise interfere with a favorable disposition of the charges against that defendant, or might undermine effective cross-examination of the codefendant at trial. The court also explained to Mr. Hodge that, although Mr. O'Connor had said that the conflicts would not affect his defense, there was no way for anyone to know at this stage of the case whether that was true.

The court further advised Mr. Hodge that he has an absolute right to representation by separate counsel of his own choosing.

Mr. Hodge acknowledged that he is aware of the risks with his attorneys' representation, he is aware that he is entitled to be represented by separate counsel, and that present counsel have discussed the matter with him.

Notwithstanding the potential for conflicts of interest to arise and the fact that a conflict of interest exists in the case, Mr. Hodge still chose to be represented by present counsel, and he signed a waiver of counsel. (#488.) The court took the matter under advisement.

The court finds that the conflict with Ropes' representation of Mr. Hodge and Elizabeth Henriquez may be waived, and finds that Mr. Hodge's waiver of that conflict was intelligent, knowing and voluntary, and accepts it. The thornier issue is the conflict between USC and Mr. Hodge, because unlike Mr. Hodge and Ms. Henriquez, USC did not consent to the joint representation, and the parties' sparring over that issue continued after the hearing.

After the hearing, counsel for Mr. Hodge filed a further memorandum, arguing that under Massachusetts Rule of Professional Conduct 1.7, there was no "direct adversity" between Mr. Hodge and USC, and therefore Ropes did not have to obtain a waiver from USC. (#498.) The government filed a supplemental memorandum in response, arguing that Mr. Hodge's position was wrong, and that the use of conflict counsel would not ameliorate the problem created by Ropes' joint representation of USC and Mr. Hodge. (#504.) Mr. Hodge responded to this memorandum. (#547.)

In the three months since the hearing on July 22, this court has not ruled on the waiver issue, because the court was waiting for matters between another defendant, Robert Zangrillo, and USC, to play out. Mr. Zangrillo filed a Rule 17c subpoena requesting documents from USC concerning its admissions process, and USC moved to quash. (#532.) The court held a hearing on the motion on September 18, 2019, at which USC vigorously objected to producing the requested documents. (#564.) Since that time, counsel for Mr. Zangrillo and USC have been attempting to reach agreement on what documents USC will produce. *See, e.g.*, #582, defense counsel's status report, filed October 11, 2019. The court was waiting to accept Mr. Hodge's waiver of the conflict between UCS and Ropes, until such time as the question of the document production from USC to Mr. Zangrillo was resolved, in case that matter might in some way affect Mr. Hodge's defense, and his attorneys' views concerning their conflict with USC.

On Thursday, October 17, 2019, the court learned that Mr. Hodge was scheduled to have a R. 11 hearing before Judge Gorton on October 21. The court therefore scheduled a further hearing on the waiver issue prior to the R. 11 hearing on October 21.

At the hearing before this court on October 21, the government stated that it no longer objected to Ropes' representation of Mr. Hodge, and also stated that it did not believe that USC would be seeking restitution in the case. Attorney O'Connor appeared at the hearing and said that he was aware that Mr. Zangrillo had sought documents from USC and that the issue did not affect Mr. Hodge's defense. He further stated that he did not anticipate that any conflict between his client and UCS would have any effect on his advocacy for Mr. Hodge at sentencing.

This court finds that because Mr. Hodge is pleading guilty, it is not necessary to decide many of the issues raised by the government about Ropes' joint representation of Mr. Hodge and USC. Most of those issues pertain to problems that would only arise at trial, such as cross-examination of USC employees. In addition, the only issue pertaining to the conflict that was likely to have an impact on Mr. Hodge's sentencing was the question of restitution, which the court now understands UCS will not be seeking.

At the hearing on October 21, 2019, the court questioned Mr. Hodge under oath about two matters: first, whether he understood that he was waiving any potential issues with regard to discovery from USC in his case, and any potential avenues of defense concerning USC, and second, whether he understood that he was waiving any potential issues with regard to what effect his attorneys' conflict might have on his sentencing.

Mr. Hodge stated clearly that he understood the potential problems with his attorneys' representation of him, and he wanted to waive the issues and continue with present counsel.

This court finds that Mr. Hodge knowingly, intelligently, and voluntarily waived his right to be represented by separate counsel.

    /s/ Page Kelley
PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

October 21, 2019