**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10080-NMG |
| | ) | |
| DOUGLAS HODGE | ) | |
| | ) | |
| Defendant. | | |


**DOUGLAS HODGE'S ASSENTED-TO MOTION TO EXTEND NOTICE OF APPEAL
DEADLINE**

On February 7, 2020, this Court sentenced Douglas Hodge to a term of nine months

imprisonment, two years of supervised release, a fine of $750,000, 500 hours of community

service, and a special assessment of $200.  Judgment as to Douglas Hodge, Dkt. No. 868.

Judgment entered on February 26, 2020.  *Id.*  Mr. Hodge paid the monetary penalties and will

self-surrender on March 20, 2020 to begin his term of imprisonment.  As Mr. Hodge reiterated

during his sentencing hearing, he is taking responsibility for his conduct and accepting the

consequences of his actions.

As the Court is also aware, on the same day that judgment entered against Mr. Hodge, the

government provided material to Mr. Hodge and other defendants that contained exculpatory

information.  Exhibit A, Feb. 26, 2020 Letter from E. Rosen.  The government acknowledged

reviewing the exculpatory information in October 2018, *id.*, but the government failed to produce

the material under the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and Local Rule

116.2 – requirements that apply equally, if not more so, during the sentencing phase.  *Brady*, 373

U.S. at 87; L.R. 116.2(b)(4).  The government further failed to produce the material within the

14-day period following sentencing when Mr. Hodge could have filed a Rule 35(a) Motion,

despite the government actively reconsidering its obligation to disclose the material during that period.  *See id.*

The next day, this Court held a status conference and set a briefing schedule to address the recently disclosed material and the government's *Brady* violations.  Feb. 27 Status Conference Tr. at 9, Dkt. No. 883.  Shortly thereafter, the Court granted Elizabeth Henriquez's and Manuel Henriquez's Motion to Continue Sentencing Hearings on the basis of the newly disclosed exculpatory information.  Dkt. No. 903.  Ms. Henriquez and Mr. Henriquez are now scheduled to be sentenced on March 31 and April 8, respectively, with the benefit of the newly disclosed and any yet-to-be-disclosed exculpatory information.  *Id.*

At the end of last week, Magistrate Judge Kelley held a hearing during which Judge Kelley urged the government to expeditiously produce additional material, noting explicitly that material the court had reviewed *ex parte* contained additional exculpatory information.  Feb. 28, 2020 Hearing Tr. at 22–23, Dkt. No. 899.  On March 3, 2020, the government produced documents containing exculpatory information, and the government stated that it would produce additional material with exculpatory information by March 13, 2020.  March 3, 2020 Letter from E. Rosen, Dkt. No. 918.

Mr. Hodge was entitled to the exculpatory information in the government's possession during the sentencing proceedings, and the government's *Brady* violations prevented the Court from reviewing a full and accurate record at the time of Mr. Hodge's sentencing.  In particular, the government's intentional withholding of key exculpatory information prevented Mr. Hodge from supporting his crucial argument that he believed he was making donations to specific university programs.  *See* Douglas Hodge Sentencing Memorandum, Dkt. No. 810, at 2 ("But an important piece of the story is how Doug comforted himself in his mistaken belief that he was

also supporting educational institutions and helping students who were less fortunate than his

own children."). As Mr. Hodge stated in his sentencing memorandum, he takes full

responsibility for his conduct. But there is an important distinction when evaluating Mr.

Hodge's culpability between payments intended to benefit a university and payments intended to

benefit a specific coach in his or her personal capacity. The recently disclosed exculpatory

information (and likely the further, soon-to-be-released exculpatory information) supports Mr.

Hodge's contention that he made payments with the expectation that his money would support

university athletic programs. The government's inappropriate withholding of that information

deprived the Court of its ability to evaluate Mr. Hodge's argument based on all available

information.

Based on recent developments, Mr. Hodge anticipates filing a Motion to Vacate

Judgment and for a New Sentencing Hearing, or, in the alternative, an Emergency Appeal to the

First Circuit Court of Appeals to Vacate Judgment.[1]   Mr. Hodge believes, however, that the

---

[1] To be clear, the relief Mr. Hodge contemplates is not "reconsideration" and therefore not barred by Fed. R. Crim. P. 35(a) or *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 41 (1st Cir. 2015), which held that "Congress has eliminated the common-law practice of allowing motions for reconsideration" in the sentencing context. Unlike here, the defendant in *Gonzalez-Rodriguez* filed a motion for **re**consideration that merely repeated the arguments previously made to the sentencing court in the first instance. *Id.*; *see also United States v. Tanco-Pizarro*, 892, 472, 477 (1st Cir. 2018) (applying *Gonzalez-Rodriguez* in the specific context of a motion for reconsideration based solely on the district court's sentencing analysis). The motion in *Gonzalez-Rodriguez* did not involve exculpatory information previously undisclosed to the Court and the defendant in violation of *Brady* and the Local Rules. Here, Mr. Hodge is not requesting **re**consideration of arguments made during his sentencing hearing or in his sentencing memorandum, nor is he suggesting that the Court reconsider its analysis in light of new arguments. Absent the recently disclosed exculpatory information, Mr. Hodge had no intention of challenging his sentence. Mr. Hodge is only requesting that the Court have the opportunity to review the exculpatory information the government inappropriately withheld and to impose a sentence with the benefit of that further information. Mr. Hodge is in a position without precedent – the government disclosed exculpatory information to Mr. Hodge (and indicated it would soon provide more such exculpatory information) after judgment entered but prior to the notice of appeal deadline. The appropriate remedy for such an unprecedented – and frankly bizarre – series of events lies with the District Court, which continues to have jurisdiction, rather than the Court of Appeals, which has no jurisdiction and would not have authority to determine an appropriate sentence based on newly available information, but instead would need to remand for a further exploration of the issues. Mr. Hodge will further brief these issues in his upcoming Motion to Vacate Judgment and for a New Sentencing Hearing – issues that the Court will be better positioned to analyze in early April.

continued development of the record will allow the Court to more effectively assess the import of recent, and rapidly evolving, events.

Mr. Hodge, therefore, requests that pursuant to Federal Rule of Appellate Procedure 4(b)(4), the Court extend the deadline to file the Notice of Appeal by 30 days from March 11, 2020 until April 10, 2020 for the reasons set forth above, which establish good cause.  The government has informed Mr. Hodge that it does not object to the request to extend the Notice of Appeal deadline.  During this 30-day period, Mr. Hodge will self-surrender to begin serving his sentence, and Mr. Hodge and his legal team will work expeditiously to reach a prompt resolution of this matter.


Dated: March 5, 2020                          Respectfully submitted,

                                              By:  /s/ Brien T. O'Connor
                                                  Brien T. O'Connor (BBO #546767)
                                                  *brien.o'connor@ropesgray.com*
                                                  Ezra D. Geggel (BBO# 691139)
                                                  *ezra.geggel@ropesgray.com*
                                                  ROPES & GRAY LLP
                                                  Prudential Tower
                                                  800 Boylston Street
                                                  Boston, MA 02199
                                                  Phone: (617) 951-7000

                                                  Joan McPhee (BBO #547869)
                                                  *joan.mcphee@ropesgray.com*
                                                  ROPES & GRAY LLP
                                                  1211 Avenue of the Americas
                                                  New York, NY 10036-8704
                                                  Phone: (212) 596-9000

                                                  Miranda Hooker (BBO# 661569)
                                                  *hookerm@pepperlaw.com*
                                                  PEPPER HAMILTON LLP
                                                  125 High Street
                                                  Boston, MA 02110
                                                  Phone: (617) 204-5129

*Attorneys for Defendant Douglas Hodge*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Brien T. O'Connor, hereby certify that counsel for Defendant conferred with counsel for

the government regarding this motion and that the government assented.

/s/ Brien T. O'Connor
Brien T. O'Connor


## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2020, I filed the foregoing with the United States

District Court for the District of Massachusetts using the CM/ECF system, and caused it to

be served on all registered participants via the notice of electronic filing (the "NEF").

Dated: March 5, 2020

/s/ Brien T. O'Connor
Brien T. O'Connor