UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                        )<br>)<br>DOUGLAS HODGE                                )<br>)<br>Defendant.                              )<br>) | Criminal No. 1:19-cr-10080-NMG |

**ASSENTED-TO MOTION FOR LEAVE TO EXCEED PAGE
LIMIT FOR MEMORANDUM IN SUPPORT OF DOUGLAS HODGE'S
MOTION PURSUANT TO 28 U.S.C. § 2255 TO SET ASIDE HIS PLEA, IN PART,
AND FOR RE-SENTENCING ON THE REMAINING COUNT OF CONVICTION**

Defendant Douglas Hodge respectfully moves for permission to file a memorandum exceeding the page limit prescribed in the Local Rules in support of his forthcoming motion pursuant to 28 U.S.C. § 2255 to set aside his plea to the money laundering charge and for re-sentencing on the remaining count of conviction. Specifically, Mr. Hodge seeks to file a memorandum not to exceed 39 pages in length. As grounds for this motion, Mr. Hodge states as follows:

1. Local Rule 7.1(b)(4) states that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced." This rule governs motion practice in criminal cases. *See* Local Rule 112.1.

2. In his forthcoming Section 2255 motion, Mr. Hodge will ask this Court to review the government's misconduct in this matter, including the government's: (i) suppression of material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as well as the Local Rules of the U.S. District Court for the District of Massachusetts; (ii) false and misleading statements to this Court and the Probation Office in connection with Mr. Hodge's plea and sentencing proceedings; and (iii) related misconduct that undermined the fairness, correctness,

*[Handwritten:]* Motion allowed, in part, and denied, in part; 30 pages maximum. /s/ NMGorton, USDJ 4/29/20