**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-10080-NMG |
| ) | |
| DOUGLAS HODGE, ) | |
| ) | |
| Defendant. ) | |

## DOUGLAS HODGE'S SUPPLEMENTAL FILING ADDRESSING CIRCUMSTANCES WARRANTING IMMEDIATE ADJUDICATION OF HIS MOTION PURSUANT TO 28 U.S.C. § 2255

On October 21, 2019, Mr. Hodge pleaded guilty to one count of conspiracy to commit mail and wire fraud and honest services mail and wire fraud and one count of conspiracy to commit money laundering. *See* Dkt. No. 595. This Court sentenced Mr. Hodge on February 7, 2020 to a term of nine months of imprisonment, two years of supervised release, a fine of $750,000, 500 hours of community service, and a special assessment of $200. *See* Dkt. No. 868.

Judgment entered against Mr. Hodge on February 26, 2020. *Id.* That same day, the government began a series of rolling productions to Mr. Hodge and other defendants containing newly disclosed evidence that Mr. Hodge views to be material and exculpatory. Because nineteen days had then elapsed since Mr. Hodge's sentencing proceeding, the fourteen-day Rule 35(a) window during which the Court could correct Mr. Hodge's sentence had expired. *See United States v. Mercado-Flores*, 872 F.3d 25, 30–31 (1st Cir. 2017) (holding that defendant's only relief from a sentence outside the Rule 35(a) window is "to file a direct appeal of his sentence or [] attack it collaterally by petitioning for post-conviction relief under 28 U.S.C. § 2255"). Mr. Hodge's deadline for filing a notice of appeal from the judgment of conviction was March 11, 2020.

On March 5, 2020, Mr. Hodge moved to extend his deadline to file a notice of appeal until April 10, 2020. *See* Dkt. No. 924. The Court granted Mr. Hodge's motion on March 6, 2020. *See* Dkt. No. 926.

On April 8, 2020, Mr. Hodge filed a Notice of Appeal, *see* Dkt. No. 1061, to ensure that, to the extent he was procedurally required to pursue a direct appeal in the first instance, he had timely complied. After conferring with the government, both parties agreed that Mr. Hodge's challenge should be presented to the District Court in a motion pursuant to 28 U.S.C. § 2255 rather than on direct appeal, and accordingly the government assented to a motion to stay the appeal. The First Circuit docketed the appeal on April 13, 2020. On the same day, Mr. Hodge filed his assented-to motion to stay the appellate proceedings pending this Court's resolution of his then-forthcoming § 2255 motion. Mr. Hodge filed his § 2255 motion on May 1, 2020. *See* Dkt. Nos. 1143–46.

On May 4, 2020, the First Circuit granted a temporary stay of appellate proceedings. *See* Dkt. No. 1147. It further directed this Court, upon the filing of Mr. Hodge's § 2255 motion, to "promptly . . . enter an order reflecting its assessment as to whether there are 'extraordinary circumstances' warranting immediate adjudication of the § 2255 motion despite the pendency of a direct criminal appeal." *Id.* at 1.

Mr. Hodge respectfully submits that such circumstances are present here, where the issues to be adjudicated did not arise, due to the government's belated disclosures, until *after* this Court had entered judgment against Mr. Hodge. Given this temporal sequence, the factual record pertaining to Mr. Hodge's claims necessarily remains to be developed in the District Court. In these circumstances, stemming from the government's failure to produce material, exculpatory evidence until after Mr. Hodge's plea and sentencing proceedings had concluded,

the preferred procedural vehicle for addressing Mr. Hodge's claims regarding the newly disclosed evidence is through § 2255 proceedings in the District Court.

Mr. Hodge filed a notice of appeal in the First Circuit to avoid any potential risk of procedural default occasioned by failure to file a timely notice of appeal. However, recognizing that appellate review would be premature without benefit of (1) a factual record or (2) this Court's consideration of the issues, Mr. Hodge contemporaneously filed, with the government's concurrence, a motion to stay the appeal pending resolution of his claims in § 2255 proceedings in the District Court. In these circumstances, appellate review should be deferred pending resolution of Mr. Hodge's § 2255 claims, and this Court should find that the circumstances presented here warrant adjudication of the § 2255 motion in the District Court in the first instance.

Ordinarily, a defendant must exhaust appellate remedies prior to filing a § 2255 motion. This requirement is not jurisdictional, however, but prudential, and thus may be waived. *See Oakes v. United States*, 400 F.3d 92, 96 (1st Cir. 2005). With its assent to Mr. Hodge's motion to stay appellate proceedings pending resolution of the § 2255 motion, the government has waived this requirement. Similarly, there is no jurisdictional bar to this Court entertaining a § 2255 motion in the circumstances presented here. A district court may consider a § 2255 motion during the pendency of an appeal if "extraordinary circumstances" are present. *See, e.g.*, *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995); Adv. Comm. Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal . . . ."). As the First Circuit has explained, any concern over such a practice is one of "the orderly administration of justice." *United States v. Weekes*,

611 F.3d 68, 71 (1st Cir. 2010) (citing *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980)).

Here, the parties' interests in timely and thorough review of the claims presented, as well as the interests of orderly administration of justice and judicial economy, all align in support of this Court proceeding in the first instance to address the issues raised by Mr. Hodge in his § 2255 motion. These issues can only be addressed now, and could not have been raised prior to the entry of judgment in this case, due to the government's belated disclosures of *Brady* material. Given that the First Circuit can only review the record on which the district court entered its judgment, *see, e.g.*, *United States v. Castro-Taveras*, 841 F.3d 34, 39 (1st Cir. 2016), Mr. Hodge's claims are best presented and addressed in § 2255 proceedings in this Court to allow for development of the requisite factual record. Indeed, because the withheld exculpatory evidence underlying Mr. Hodge's claims in his § 2255 motion is not part of the record upon which Mr. Hodge was convicted and sentenced, a direct appeal in these circumstances would almost certainly result in a remand to this Court for further development of the record. *See, e.g.*, *United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008) (allowing § 2255 motion to proceed during the pendency of a direct appeal where motion "raised a substantial question about the integrity of the government's prosecution" that had not yet been addressed by the district court).

As numerous courts have held, *Brady* claims relying on evidence that was not a part of the district court record at the time judgment entered are appropriate for resolution by the district court in the first instance. *See, e.g.*, *United States v. Rantanen*, 467 F. App'x 414, 420 (6th Cir. 2012) (declining to consider a *Brady* claim raised for the first time on appeal where the record below was insufficient, and suggesting that the claim should be raised in a § 2255 motion); *United States v. Caro*, 733 F. App'x 651, 674 (4th Cir. 2018) (stating that "we have declined to

review *Brady* claims on direct appeal when the allegedly suppressed evidence was not part of the trial record"); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004) (stating that *Brady* claims may be raised in § 2255 proceedings because they "permit greater development of the record").

The interests of efficiency and judicial economy also favor addressing Mr. Hodge's claims in his § 2255 motion in this Court in the first instance. The only challenge Mr. Hodge is advancing to the judgment entered by this Court is the challenge presented in his pending § 2255 motion. Consequently, requiring Mr. Hodge to first pursue direct appellate relief would only delay resolution of his claims and be far more inefficient than proceeding in the District Court: while Mr. Hodge's § 2255 motion could render moot his appeal, Mr. Hodge's direct appeal would be unlikely to obviate the need for a subsequent motion pursuant to § 2255 given the need to develop a factual record.

Other courts have reached the same conclusion in similar contexts. *See, e.g.*, *United States v. Zomber*, 299 Fed. App'x 130, 133 n.4 (3d Cir. 2008) (noting that it had granted appellant's motion to stay his appeal pending resolution of his § 2255 motion alleging *Brady* and Jencks Act violations); *Rangel*, 519 F.3d at 1265–66 (holding "extraordinary circumstances" to exist where Section 2255 motion alleged prosecutorial misconduct); *see also Rogers v. United States*, 180 F.3d 349, 352 (1st Cir. 1999) (noting that appellant "filed a timely notice of appeal from the federal convictions, but direct appeal was stayed to allow [the appellant] to consider the merits of filing a § 2255 motion"); *United States v. Vilar*, 645 F.3d 543, 547 (2d Cir. 2011) (reviewing two prior cases in which it had stayed appellate proceedings until the district court adjudicated a § 2255 motion, concluding that "we have jurisdiction to grant such a discretionary stay"). And, again, the government has waived the exhaustion requirement here and consented to stay the appeal pending

review *Brady* claims on direct appeal when the allegedly suppressed evidence was not part of the trial record"); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004) (stating that *Brady* claims may be raised in § 2255 proceedings because they "permit greater development of the record").

The interests of efficiency and judicial economy also favor addressing Mr. Hodge's claims in his § 2255 motion in this Court in the first instance. The only challenge Mr. Hodge is advancing to the judgment entered by this Court is the challenge presented in his pending § 2255 motion. Consequently, requiring Mr. Hodge to first pursue direct appellate relief would only delay resolution of his claims and be far more inefficient than proceeding in the District Court: while Mr. Hodge's § 2255 motion could render moot his appeal, Mr. Hodge's direct appeal would be unlikely to obviate the need for a subsequent motion pursuant to § 2255 given the need to develop a factual record.

Other courts have reached the same conclusion in similar contexts. *See, e.g.*, *United States v. Zomber*, 299 Fed. App'x 130, 133 n.4 (3d Cir. 2008) (noting that it had granted appellant's motion to stay his appeal pending resolution of his § 2255 motion alleging *Brady* and Jencks Act violations); *Rangel*, 519 F.3d at 1265–66 (holding "extraordinary circumstances" to exist where Section 2255 motion alleged prosecutorial misconduct); *see also Rogers v. United States*, 180 F.3d 349, 352 (1st Cir. 1999) (noting that appellant "filed a timely notice of appeal from the federal convictions, but direct appeal was stayed to allow [the appellant] to consider the merits of filing a § 2255 motion"); *United States v. Vilar*, 645 F.3d 543, 547 (2d Cir. 2011) (reviewing two prior cases in which it had stayed appellate proceedings until the district court adjudicated a § 2255 motion, concluding that "we have jurisdiction to grant such a discretionary stay"). And, again, the government has waived the exhaustion requirement here and consented to stay the appeal pending

the § 2255 motion. *See Barreto-Barreto v. United States*, 551 F.3d 95, 98 (1st Cir. 2008); *Oakes*, 400 F.3d at n.2. Accordingly, and with the government's concurrence, Mr. Hodge submits that immediate adjudication of the § 2255 motion in the District Court is the preferred procedural vehicle in the circumstances presented here.

Dated: May 7, 2020                               Respectfully submitted,

By: /s/ *Brien T. O'Connor*
    Brien T. O'Connor (BBO #546767)
    *brien.o'connor@ropesgray.com*
    Ezra D. Geggel (BBO# 691139)
    *ezra.geggel@ropesgray.com*
    ROPES & GRAY LLP
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199
    Phone: (617) 951-7000

    Joan McPhee (BBO #547869)
    *joan.mcphee@ropesgray.com*
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Phone: (212) 596-9000

    Miranda Hooker (BBO# 661569)
    *hookerm@pepperlaw.com*
    PEPPER HAMILTON LLP
    125 High Street
    Boston, MA 02110
    Phone: (617) 204-5129

    *Attorneys for Defendant Douglas Hodge*

-7-

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 7, 2020, I filed the foregoing with the United States District Court for the District of Massachusetts using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing.

Dated: May 7, 2020

                     */s/ Brien T. O'Connor*
                     Brien T. O'Connor