UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>(11) DOUGLAS HODGE,    )<br>)<br>Defendant    ) | Criminal No.: 19-10080-NMG-11 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLMENTAL FILING ADDRESSING CIRCUMSTANCES WARRANTING IMMEDIATE ADJUDICATION OF HIS MOTION PURSUANT TO 28 U.S.C. § 2255 (DKT. 1163)**

The government respectfully files this response to defendant Douglas Hodge's supplemental filing addressing circumstances warranting immediate adjudication of his motion pursuant to 28 U.S.C. § 2255.

The defendant contends that "extraordinary circumstances" exist for this Court to consider his Section 2255 motion despite the pendency of his appeal, because "the factual record pertaining to Mr. Hodge's claims necessarily remains to be developed in the District Court." Dkt. 1163 at 2. The government concurs that in the unique circumstances of this case, and given the nature and timing of defendant's claims, the need to further develop the factual record in the district court may qualify as an extraordinary circumstance warranting consideration of a 2255 motion in the district court while a direct appeal is pending. *Cf. United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (noting "policy considerations that have led other courts to hold that in the absence of 'extraordinary circumstances,' the 'orderly administration of criminal justice' precludes a district court from considering a s 2255 motion while review of the direct appeal is still pending"). (citations omitted). Accordingly, the government believes this case presents an unusual circumstance in which adjudicating the Section 2255 motion first, while the appeals court proceedings are stayed, would provide a "practical advantage" to the parties and the courts.

*Cf. United States v. O'Brien*, 229 F. Supp. 3d 114, 115 (D. Mass. 2017) (citation and internal quotation marks omitted).

The government notes, however, that the defendant did not seek the government's assent to its supplemental filing and the government would not have assented to that filing, which advances substantive arguments concerning the government's conduct, and materials produced by the government, that the government disputes. The government will respond more fully to defendant's substantive arguments in its forthcoming opposition to his Section 2255 motion.

> Respectfully submitted,
>
> ANDREW E. LELLING
> United States Attorney
>
> By: */s/ Justin D. O'Connell*
> ERIC S. ROSEN
> JUSTIN D. O'CONNELL
> KRISTEN A. KEARNEY
> LESLIE A. WRIGHT
> KARIN M. BELL
> STEPHEN E. FRANK
> Assistant United States Attorneys

Dated: May 11, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: May 11, 2020                */s/ Justin D. O'Connell*
                                                  Justin D. O'Connell