**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10080-NMG-11 |
| | ) | |
| DOUGLAS HODGE, | ) | |
| | ) | |
| Defendant. | ) | |

**DOUGLAS HODGE'S UNOPPOSED MOTION**
**FOR LEAVE TO FILE UNDER SEAL PORTIONS OF HIS**
**FORTHCOMING MOTION PURSUANT TO 18 U.S.C. § 3582(c) FOR A**
**MODIFICATION OF HIS SENTENCE**

Pursuant to Local Rule 7.2 of the United States District Court for the District of Massachusetts, Defendant Douglas Hodge respectfully requests permission to file under seal portions of his forthcoming Motion Pursuant to 18 U.S.C. § 3582(c) For a Modification of His Sentence and exhibits thereto.  Mr. Hodge will file a redacted version of his forthcoming motion on the public docket concurrently.  As grounds for the instant motion, Mr. Hodge states as follows:

1.      The material requested to be filed under seal contains information of a highly sensitive nature.  Specifically, sealing is necessary to protect confidential, private medical information and sensitive personal information concerning Mr. Hodge's family.

2.      Local Rule 7.2 permits a party to file a motion to seal or impound certain materials. If the moving party files a statement supported by good cause, the Court may seal the material until further order.  *See* Local Rule 7.2(a).  In evaluating whether to seal judicial records, courts weigh the public's presumptive right of access to judicial records with any "[i]mportant countervailing interests" that can "overwhelm the usual presumption and defeat access." *See United States. v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

3.      The privacy rights of defendants and third parties constitute significant countervailing interests that can overcome the presumption of access. *Id.* at 62 (citing *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987)); *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). Courts analyzing whether privacy interests overcome the presumption of access "consider the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 706 F.3d at 62 (quoting *In re Boston Herald*, 321 F.3d at 190). If the information at issue implicates traditionally private subjects, such as "family affairs [and] illnesses," privacy interests will "weigh more heavily against access." *Id.* (internal citations and quotation marks omitted).

4.      Medical information is "universally assumed to be private, not public." *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d at 190). Similarly, third-party privacy interests are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *Id.* at 62 (internal citations and quotation marks omitted). Here, disclosure of the information to be filed under seal would gravely harm the privacy interests of third parties by making public deeply personal information regarding their health, families, and other similarly private information.

5.      The government has informed undersigned counsel that it does not oppose Mr. Hodge's request to file under seal portions of his forthcoming motion and exhibits thereto.

WHEREFORE, Mr. Hodge respectfully requests that this Court grant his motion to file under seal portions of his forthcoming Motion Pursuant to 18 U.S.C. § 3582(c) For a Modification of His Sentence and exhibits thereto.

Dated: July 22, 2020                    Respectfully submitted,

                                        By:  /s/ Brien T. O'Connor
                                            Brien T. O'Connor (BBO #546767)
                                            *brien.o'connor@ropesgray.com*
                                            Ezra D. Geggel (BBO# 691139)
                                            *ezra.geggel@ropesgray.com*
                                            ROPES & GRAY LLP
                                            Prudential Tower
                                            800 Boylston Street
                                            Boston, MA 02199
                                            Phone: (617) 951-7000

                                            Joan McPhee (BBO #547869)
                                            *joan.mcphee@ropesgray.com*
                                            ROPES & GRAY LLP
                                            1211 Avenue of the Americas
                                            New York, NY 10036-8704
                                            Phone: (212) 596-9000

                                            Miranda Hooker (BBO# 661569)
                                            *hookerm@pepperlaw.com*
                                            PEPPER HAMILTON LLP
                                            125 High Street
                                            Boston, MA 02110
                                            Phone: (617) 204-5100

                                            *Attorneys for Defendant Douglas Hodge*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Brien T. O'Connor, hereby certify that counsel for Defendant conferred with counsel for the government regarding this motion, and the government does not oppose this motion.

*/s/ Brien T. O'Connor*
Brien T. O'Connor

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2020, I filed the foregoing with the United States District Court for the District of Massachusetts using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing.

Dated: July 22, 2020                          */s/ Brien T. O'Connor*
Brien T. O'Connor