# EXHIBIT E

II

116TH CONGRESS
2D SESSION

# S. 4034

To expand eligibility for and provide judicial review for the Elderly Home Detention Pilot Program, provide for compassionate release based on COVID–19 vulnerability, shorten the waiting period for judicial review during the COVID–19 pandemic, and make other technical corrections.

—————————

## IN THE SENATE OF THE UNITED STATES

JUNE 22, 2020

Mr. DURBIN introduced the following bill; which was read twice and referred to the Committee on the Judiciary

—————————

# A BILL

To expand eligibility for and provide judicial review for the Elderly Home Detention Pilot Program, provide for compassionate release based on COVID–19 vulnerability, shorten the waiting period for judicial review during the COVID–19 pandemic, and make other technical corrections.

1   *Be it enacted by the Senate and House of Representa-*

2   *tives of the United States of America in Congress assembled,*

3   **SECTION 1. SHORT TITLE.**

4   This Act may be cited as the "COVID–19 Safer De-

5   tention Act of 2020".

2

**SEC. 2. DEFINITION OF COVERED EMERGENCY PERIOD.**

Section 12003(a)(2) of the CARES Act (Public Law 116–136) is amended—

(1) by striking "ending on the date" and inserting the following: "ending on the later of—

"(A) the date";

(2) in subparagraph (A), as so designated, by striking the "and" at the end and inserting "or"; and

(3) by adding at the end the following:

"(B) the date that is 30 days after the date on which the Bureau of Prisons ceases modified operations in response to COVID–19; and".

**SEC. 3. HOME DETENTION FOR CERTAIN ELDERLY NON-VIOLENT OFFENDERS.**

Section 231(g) of the Second Chance Act of 2007 (34 U.S.C. 60541(g)) is amended—

(1) in paragraph (1), by adding at the end the following:

"(D) JUDICIAL REVIEW.—

"(i) IN GENERAL.—Upon motion of a defendant, on or after the date described in clause (ii), a court may reduce an imposed term of imprisonment of the defendant and substitute a term of supervised re-

3

lease with the condition of home detention for the unserved portion of the original term of imprisonment, after considering the factors set forth in section 3553(a) of title 18, United States Code, if the court finds the defendant is an eligible elderly offender or eligible terminally ill offender.

"(ii) DATE DESCRIBED.—The date described in this clause is the earlier of—

"(I) the date on which the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to place the defendant on home detention; or

"(II) the expiration of the 30-day period beginning on the date on which the defendant submits to the warden of the facility in which the defendant is imprisoned a request for placement of the defendant on home detention, regardless of the status of the request."; and

(2) in paragraph (5)—

(A) in subparagraph (A)(ii)—

4

1          (i) by inserting "including offenses
2      under the laws of the District of Colum-
3      bia," after "offense or offenses,"; and
4          (ii) by striking "2/3 of the term of im-
5      prisonment to which the offender was sen-
6      tenced" and inserting "1/2 of the term of
7      imprisonment reduced by any credit to-
8      ward the service of the offender's sentence
9      awarded under section 3624(b) of title 18,
10      United States Code"; and
11      (B) in subparagraph (D)(i), by inserting ",
12   including offenses under the laws of the District
13   of Columbia," after "offense or offenses,".

14 **SEC. 4. COMPASSIONATE RELEASE TECHNICAL CORREC-**
15          **TION.**

16      Section 3582 of title 18, United States Code, is
17 amended—
18      (1) in subsection (c)(1)—
19          (A) in the matter preceding subparagraph
20      (A), by inserting after "case" the following: ",
21      including, notwithstanding any other provision
22      of law, any case involving an offense committed
23      before November 1, 1987"; and
24          (B) in subparagraph (A)—

5

1            (i) by inserting ", on or after the date

2        described in subsection (d)" after "upon

3        motion of a defendant"; and

4            (ii) by striking "after the defendant

5        has fully exhausted all administrative

6        rights to appeal a failure of the Bureau of

7        Prisons to bring a motion on the defend-

8        ant's behalf or the lapse of 30 days from

9        the receipt of such a request by the warden

10        of the defendant's facility, whichever is

11        earlier,'';

12        (2) by redesignating subsections (d) and (e) as

13    subsections (e) and (f), respectively; and

14        (3) by inserting after subsection (c) the fol-

15    lowing:

16    "(d) DATE DESCRIBED.—For purposes of subsection

17  (c)(1)(A), the date described in this subsection is the ear-

18  lier of—

19        "(1) the date on which the defendant fully ex-

20    hausts all administrative rights to appeal a failure of

21    the Bureau of Prisons to bring a motion on the de-

22    fendant's behalf; or

23        "(2) the expiration of the 30-day period begin-

24    ning on the date on which the defendant submits a

25    request for a reduction in sentence to the warden of

6

1    the facility in which the defendant is imprisoned, re-
2    gardless of the status of the request.''.

**SEC. 5. TEMPORARY SHORTENING OF ADMINISTRATIVE EX-**
**HAUSTION.**

5    Section 12003 of the CARES Act (Public Law 116–
6    136) is amended by adding at the end the following:

7    ''(e) COMPASSIONATE RELEASE.—For purposes of a
8    motion filed under section 3582(c)(1) of title 18, United
9    States Code, during the covered emergency period—

10        ''(1) the 30-day waiting period requirement in
11        section 3582(d)(2) shall be reduced to not more
12        than 10 days; and

13        ''(2) in the case of a defendant who is, accord-
14        ing to guidance from the Centers for Disease Con-
15        trol and Prevention, considered to be at a higher
16        risk for severe illness from COVID–19, including be-
17        cause the defendant is 60 years of age or older or
18        has an underlying medical condition, such risk shall
19        be considered to be an extraordinary and compelling
20        reason under subparagraph (A)(i) of such section
21        3582(c)(1).

22    ''(f) NONVIOLENT ELDERLY OFFENDERS.—For the
23    purpose of a motion filed under subparagraph (D) of sec-
24    tion 231(g)(1) of the Second Chance Act of 2007 (34
25    U.S.C. 60541(g)(1)), during the covered emergency pe-

7

1  riod, the 30-day waiting period requirement clause (ii)(II)

2  of such subparagraph (D) shall be reduced to 10 days.''.

○