**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-10080-NMG-11 |
| | ) | |
| DOUGLAS HODGE, | ) | |
| | ) | |
| Defendant. | ) | |

**DOUGLAS HODGE'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Douglas Hodge respectfully requests (i) clarification that this Court certifies the appealability of his Motion Pursuant to 28 U.S.C. § 2255 to Set Aside His Plea, in Part, and for Re-Sentencing on the Remaining Count of Conviction (the "Section 2255 Motion"); or, in the alternative, (ii) issuance of a certificate of appealability.

For the reasons stated below, certification of the appealability of the Section 2255 Motion is required to enable the First Circuit to review Mr. Hodge's challenges to his conviction and sentence. Mr. Hodge appealed from the Judgment against him, but the record in Mr. Hodge's direct appeal does not reflect the rolling productions of what Mr. Hodge contends to be material and exculpatory evidence, which the government began making on the day Judgment entered. As a result, with the government's assent, the First Circuit stayed Mr. Hodge's direct appeal to permit Mr. Hodge to file the Section 2255 Motion. Now that this Court has adjudicated the Section 2255 Motion, Mr. Hodge seeks to appeal from the Court's denial of that motion so that the First Circuit can review the merits of his claims regarding the government's conduct in connection with his plea and sentencing proceedings. Mr. Hodge needs a certificate of appealability to do so, and this case easily clears the low bar for one to be issued.

1.     On February 26, 2020, this Court entered Judgment against Mr. Hodge. Dkt. No. 868. That same day, the government began a series of rolling productions to Mr. Hodge and other defendants containing newly disclosed evidence that Mr. Hodge views to be material and exculpatory. *See* Dkt. No. 1144.

2.     On April 8, 2020, Mr. Hodge filed a Notice of Appeal, Dkt. No. 1061, which the First Circuit docketed on April 13, 2020. *United States v. Hodge*, 20-1418 (1st Cir.). Mr. Hodge then filed an assented-to motion to stay the appellate proceedings pending this Court's resolution of his forthcoming Section 2255 Motion, which would present Mr. Hodge's request for relief based on the newly disclosed evidence. As Mr. Hodge explained in the assented-to motion to stay, "[t]he parties agree[d] that [28] U.S.C. § 2255 is the appropriate procedural vehicle for the District Court to consider the merits of Mr. Hodge's claims regarding the government's conduct in connection with his plea and sentencing proceedings." Thus, Mr. Hodge explained, staying the appeal would make sense because, if this Court denied the Section 2255 Motion, his "appeal from that order can be consolidated with [the initial] appeal and addressed in a single set of briefing."

3.     On May 1, 2020, Mr. Hodge filed his Section 2255 Motion. Dkt. Nos. 1143–46.

4.     On May 19, 2020, the First Circuit granted Mr. Hodge's assented-to motion to stay the appellate proceedings pending resolution of his Section 2255 Motion on the basis "that there are 'extraordinary circumstances' warranting the immediate adjudication of [the Section 2255 Motion]."

5.     On July 2, 2020, this Court denied Mr. Hodge's Section 2255 Motion. Dkt. No. 1354. The Court did not issue or deny a certificate of appealability at that time.

6.     On July 6, 2020, Mr. Hodge notified the First Circuit of this Court's order denying his Section 2255 Motion. He expressed his intent to appeal from that order and to request that the

First Circuit consolidate that appeal with the earlier appeal from the Judgment, though he noted that he was not requesting a briefing schedule until the appeals were consolidated. The proceedings in the initial appeal remain stayed.

7.  On August 17, 2020, Mr. Hodge filed a Notice of Appeal from this Court's order denying Mr. Hodge's Section 2255 Motion. Dkt. No. 1459. On August 21, 2020, the First Circuit assigned that appeal case number 20-1823. Dkt. No. 1466.

8.  Mr. Hodge respectfully requests (i) clarification that this Court certifies the appealability of its denial of his Section 2255 Motion, or, in the alternative, (ii) that this Court issue a certificate of appealability.

9.  The district court may issue a certificate of appealability "upon a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "The debatable-among-jurists-of-reason standard is a low barrier. A claim is considered 'debatable' even if every reasonable jurist would agree that the petitioner will not prevail." *Ayala v. Saba*, 940 F. Supp. 2d 18, 22 (D. Mass. 2013) (Gorton, J.) (indicating that the Court would issue a certificate of appealability after denying petition based on harmless error); *see also Brown v. O'Brien*, 755 F. Supp. 2d 335, 337-38 (D. Mass. 2010) (Gorton, J.) (issuing a certificate of appealability for claims denied based on a review of the record, but denying a certificate of appealability for a claim that was procedurally barred).

10. Here, Mr. Hodge based his Section 2255 Motion on "the denial of a constitutional right," namely the government's suppression of material, exculpatory evidence, which this Court

determined to be "irresponsible and misguided" and in violation of the standard set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). Mem. & Order, Dkt. No. 1169 at 8.

11. Mr. Hodge recognizes that this Court did not adopt his arguments that the government's misconduct undermined the integrity of his sentencing proceedings and fundamentally altered the plea calculus such that his plea to Count 2 was involuntary. However, he respectfully asserts that the acknowledged violation of his constitutional rights combined with the import of the withheld evidence satisfies the "low barrier" for a certificate of appealability. And Mr. Hodge seeks to appeal from denial of the only motion he has filed under 28 U.S.C. § 2255, and that motion was indisputably timely. Thus, there are no procedural barriers to Mr. Hodge's appeal that might otherwise counsel in favor of denying a certificate of appealability. *E.g.*, *Brown*, 755 F. Supp. 2d at 337-38; *cf.* 28 U.S.C. § 2255(h) (limiting the circumstances in which a certificate of appealability may issue when a petitioner has filed a "second or successive" motion under 28 U.S.C. § 2255).

12. Moreover, in the process of denying Mr. Hodge's Section 2255 Motion and considering the impact of the government's disclosure violation, this Court adopted the government's definitions of bribery and money laundering, and Mr. Hodge submits that reasonable jurists could debate these definitions and the impact of such definitions on the Section 2255 Motion. As demonstrated by the Supreme Court's recent decision in *Kelly v. United States*, 140 S. Ct. 1565 (2020)—which reversed a conviction affirmed by a unanimous Third Circuit panel—reasonable jurists can disagree regarding the meaning of the federal fraud and bribery statutes.

13. Finally, a certificate of appealability is necessary here to ensure that the issues that Mr. Hodge has raised in the District Court receive the appellate review to which he is entitled. The challenges that Mr. Hodge has raised to his plea and sentencing arose from events that occurred

*after* the plea and sentencing took place, so a motion under 28 U.S.C. § 2255 was the exclusive avenue by which Mr. Hodge could raise them. It would have been procedurally improper—not to mention illogical—for Mr. Hodge to have pressed those claims in his direct appeal. Thus, certification of appealability will ensure that the Court of Appeals has a complete record for the evaluation and disposition of Mr. Hodge's appeals and will be consistent with the Court of Appeals' ruling that "extraordinary circumstances" warranted a stay of Mr. Hodge's current appeal so that Mr. Hodge could pursue his Section 2255 Motion and then consolidate the appeals, if necessary.

14. Put otherwise, denying a certificate of appealability effectively would deprive Mr. Hodge of his right to appeal based on the timing of the government's disclosures, which took place hours after final judgment entered, and due to the procedural decision to pursue a Section 2255 Motion as a remedy—a procedural decision that the government and Mr. Hodge jointly agreed was appropriate.

Mr. Hodge, therefore, respectfully requests a clarification that this Court certifies the appealability of his Section 2255 Motion; or, in the alternative, issuance of a certificate of appealability on the following issues:

(a) Whether the government violated Mr. Hodge's constitutional right to material, exculpatory evidence, and if so, whether that violation undermined the integrity of Mr. Hodge's sentencing hearing such that Mr. Hodge is entitled to a re-sentencing.

(b) Whether the government's misconduct, including the violation of Mr. Hodge's constitutional right to material, exculpatory evidence, rendered Mr. Hodge's plea to Count 2, Money Laundering Conspiracy, 18 U.S.C. § 1956(h), involuntary.

Attached hereto as Exhibit A is a proposed order.

Dated: August 21, 2020 Respectfully submitted,

By: /s/ *Brien T. O'Connor*
Brien T. O'Connor (BBO# 546767)
*brien.o'connor@ropesgray.com*
Ezra D. Geggel (BBO# 691139)
*ezra.geggel@ropesgray.com*
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Phone: (617) 951-7000

Joan McPhee (BBO# 547869)
*joan.mcphee@ropesgray.com*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Phone: (212) 596-9000

Miranda Hooker (BBO# 661569)
*miranda.hooker@troutman.com*
TROUTMAN PEPPER LLP
125 High Street
Boston, MA 02110
Phone: (617) 204-5100

*Attorneys for Defendant Douglas Hodge*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Brien T. O'Connor, hereby certify that counsel for Mr. Hodge conferred with counsel for the government, and the government opposes this motion.

/s/ Brien T. O'Connor
Brien T. O'Connor

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties of record through the ECF system.

Dated: August 21, 2020

*/s/ Brien T. O'Connor*
Brien T. O'Connor