**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| v.                        ) | |
| ) | |
| **Gregory Colburn, et al.,** ) | |
| ) | **Criminal Action No.** |
| **Defendants.** ) | **19-10080-NMG** |
| ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In July, 2020, this Court dismissed the habeas petition of defendant Douglas Hodge ("Hodge"). Hodge filed a Notice of Appeal on August 17, 2020. He now requests either 1) clarification that this Court has already certified the appealability of its denial of his habeas petition or, in the alternative, 2) that this Court issue a certificate of appealability. For the following reasons, this Court will issue such a certificate for only the following discrete question:

> whether the government violated Mr. Hodge's
> constitutional right to material, exculpatory
> evidence, and if so, whether that violation undermined
> the integrity of Mr. Hodge's sentencing hearing such
> that Mr. Hodge is entitled to a re-sentencing.

- 1 -

I. **Background**

Hodge's conviction arises out of a case that has been widely publicized and the facts of which this Court has recounted several times. See Docket Nos. 1169 and 1334. Relevant here is the following:

On October 21, 2019, Hodge pled guilty to conspiracy to commit mail and wire fraud and honest services mail and wire fraud and conspiracy to commit money laundering. Specifically, at his plea colloquy, Hodge admitted to conspiring with William "Rick" Singer ("Singer") to have his children fraudulently admitted to elite universities by, inter alia, fabricating college applications, falsifying athletic credentials and bribing university employees and athletic coaches. He also agreed to the statement of facts read by the government, that,

> Hodge understood that some of [his] money would . . .
> be sent to specific programs at USC as a quid pro quo
> inducement to the employees responsible for managing
> those programs.

Docket No. 606 at 12.

Following his guilty plea, Hodge met with the government for a proffer interview in January, 2020. During that interview, Hodge admitted to knowing that his "side door" arrangement with Singer, and by extension the athletic coaches, was a quid pro quo distinct from the legitimate donations process. Hodge submitted a sentencing memorandum in February,

2020 in which he admitted he knew Singer was falsely representing his own children as athletes and that his payments would be used as a quid pro quo to induce university employees to participate in a fraudulent scheme.

Hodge contends that after he was sentenced and judgment was entered against him, the government disclosed exculpatory evidence showing that Hodge and other defendants believed their payments were donations to universities and not bribes to individual coaches. That evidence included testimony from Singer concerning the college application of Hodge's fifth child, purportedly showing that Hodge still believed, after ten years of working with Singer, that his payments were merely donations for the benefit of universities.

In May, 2020, Hodge filed a habeas petition challenging the constitutionality of his guilty plea and sentencing before this Court on the ground that the government failed to disclose material, exculpatory evidence ("Brady material"), including Singer's testimony, in a timely fashion in contravention of Brady v. Maryland, 373 U.S. 83, 86 (1963). He asserted that the government's failure undermined the integrity of his sentencing hearing and fundamentally altered the plea calculus, rendering his plea to money laundering involuntary. Accordingly, Hodge sought 1) to be resentenced pursuant to 28 U.S.C. § 2255 and 2) to have his plea to the money laundering charge vacated.

The government responded by denying all of the material factual allegations in the petition.

In July, 2020, this Court denied Hodge's motions for resentencing and to vacate his guilty plea and dismissed his petition for habeas corpus.  In dismissing the petition, this Court found that the evidence the government purportedly suppressed 1) was not exculpatory and 2) was duplicative of other disclosed evidence tending to show that defendants believed their payments were donations to universities rather than bribes.  The Court also found the purportedly exculpatory evidence to be of little consequence to Hodge's case in light of Hodge's admission, made under oath, that he knew his payments were to be used as a quid pro quo to induce university insiders to offer his children admission to their universities.  As for his guilty plea, the Court explained that Hodge had confirmed to the Court that he had not been induced to plea by any promise or assurance of any kind, convincing the Court that the plea was knowing and voluntary.

Hodge has now moved this Court to 1) clarify that it has certified the appealability of his § 2255 petition or, in the alternative, 2) issue a certificate of appealability on the following issues:

a) whether the government violated Hodge's
   constitutional right to material, exculpatory
   evidence, and if so, whether that violation

- 4 -

> undermined the integrity of Hodge's sentencing
> hearing such that Mr. Hodge is entitled to a re-
> sentencing and

> b) whether the government's misconduct, including the
> violation of Hodge's constitutional right to
> material, exculpatory evidence, rendered Hodge's
> plea to Count II, Money Laundering Conspiracy, 18
> U.S.C. § 1956(h), involuntary.

## II.  **Analysis**

### A.   **Legal Standard**

Section 2253(c) of Title 28 of the United States Code

provides that a Certificate of Appealability may issue "only if

the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make

a "substantial showing," a petitioner seeking a Certificate of

Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that
> matter, agree that) the petition should have been
> resolved in a different manner or that the issues
> presented were adequate to deserve encouragement to
> proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The debatable-

among-jurists-of-reason standard is a low barrier.  A claim is

considered "debatable" even if every reasonable jurist would

agree that the petitioner will not prevail.  Miller-El v.

Cockrell, 537 U.S. 322, 338 (2003).  The petitioner must,

however, prove "something more than the absence of frivolity or

the existence of mere good faith." Id.

When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

**B.   Application**

Hodge asserts that the suppression of evidence tending to show that he and other defendants believed their payments were donations rather than bribes violated his due process rights, pursuant to Brady v. Maryland, 373 U.S. 83, 86 (1963).  He submits that the constitutional violation entitles him to 1) be resentenced and/or 2) have his plea of guilty to money laundering vacated.

Although this Court concluded otherwise, it acknowledges that reasonable jurists could debate whether the suppressed evidence was exculpatory and, if so, whether its suppression undermined the integrity of Hodge's sentencing hearing. Specifically, the Court finds rising above mere frivolity the argument that the purportedly suppressed Brady material could have some bearing on Hodge's state of mind and relative culpability in mitigation of punishment, even if every jurist ultimately disagrees.

The Court cannot, however, anticipate any debate over the voluntariness of Hodge's plea of guilty to conspiracy to commit money laundering.  The Court is perplexed by his argument that

the government's conduct rendered his guilty plea involuntary as to conspiracy to commit money laundering but not as to conspiracy to commit wire fraud and honest services fraud, when all counts are supported by the same underlying unlawful conduct.  The inconsistency of the argument is heightened by the fact that Hodge has repeatedly admitted to having made payments knowingly as part of a quid pro quo to induce university coaches to participate in a fraudulent scheme.  Furthermore, before Hodge pled guilty to conspiracy to commit money laundering, he confirmed to this Court, while under oath, that his plea had not been induced by any promise or assurance of any kind and that it was, in fact, knowing and voluntary.  Accordingly, Hodge has not made the requisite showing that reasonable jurists could debate whether his plea of guilty to conspiracy to commit money laundering should be vacated.

**ORDER**

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **ALLOWED**, in part, and **DENIED**, in part.  The Court will grant a Certificate of Appealability with respect to the issue of

> whether the government violated Mr. Hodge's
> constitutional right to material, exculpatory
> evidence, and if so, whether that violation undermined

the integrity of Mr. Hodge's sentencing hearing such
that Mr. Hodge is entitled to a re-sentencing,

but not otherwise.


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated September 23, 2020